## JOHN A. ROZSA
### vs.
## CHARLES WOODS

Superior Court      Fairfield County      File No. 58749

MEMORANDUM FILED FEBRUARY 21, 1941.

*Michael Strauss*, of Bridgeport, for the Plaintiff.

*Albert Coles*, of Bridgeport, for the Defendant.

FOSTER, J. Bostwick Avenue in Bridgeport runs north and south and is intersected by Cherry Street running east and west.

The infant plaintiff, John Frank Rozsa, became 15 years of age on December 4, 1938.. On October 28, 1938, he was attending school in Bridgeport at a school located west of Bostwick Avenue, as was also a boy, John Sandor, then ten years of age. At about 3:30 o'clock in the afternoon of October 28, 1938, these two boys were both mounted on a single bicycle. Rozsa was on the seat of the bicycle and was operating it. Sandor was sitting on the cross-bar of the bicycle in front of Rozsa. They came east on Cherry Street to its intersection with Bostwick Avenue and there turned south on Bostwick Avenue. An automobile was parked on Bostwick Avenue near its west curb and near the southwest corner of the two highways. Rozsa operated his bicycle around the automobile, passing it on its left or east side. When he had operated his bicycle in Bostwick Avenue to a point about 15 feet south of the line of the southerly curb of Cherry Street extended across Bostwick Avenue an automobile owned and driven by the defendant struck the bicycle on its front wheel and fork, causing the bicycle to tip over and throw Rozsa to the pavement, from which fall he was injured.

The defendant had been driving his automobile south on Bostwick Avenue approaching its intersection with Cherry Street. Upon reaching the intersection he stopped his automobile and looked to his right. As he so looked he saw the bicycle on which were the two boys about 50 feet west of the intersection and approaching it. He started forward, crossed the intersection and with his automobile struck the bicycle. He stopped his automobile near a pole some distance south of the point of collision, returned to the boys, accompanied them to the office of a physician in the neighborhood and, upon the advice of such physician, took the boys in his automobile to a hospital.

The defendant was guilty of negligence that was a proximate cause of the collision and of Rozsa's injuries "in that he was not keeping a proper lookout for vehicles which might be upon such highway" and "in that he was operating his automobile in such a way as to endanger the life and limb of persons lawfully using said highway."

John Francis Rozsa was not guilty of any negligence that contributed to the collision or to his own injuries. He had entered and left the intersection before the collision took place. The automobile struck the front part of the bicycle, not the back part. The operator of the bicycle did not see the auto· mobile until the collision took place. The fact that there were two boys on one bicycle was in no degree a cause of the collision or of the injuries sustained by the plaintiff.

John Francis Rozsa suffered a fracture of the lower fourth of his left forearm. On October 29, 1938, an ordinary re- duction of the fracture was made and a cast applied. On November 2, 1938, an open reduction of the fracture under anaesthetic was made and a cast applied. On January 18, 1939, it was found necessary to operate upon the arm for the removal of a wedge and a cast was applied. He was discharged by his surgeon as cured on April 28, 1939. There is no deformity or limitation of motion in the arm. The hos· pital bills amount to $82.10; the surgeon's bill to $250.

Judgment is rendered that the plaintiff recover from the defendant damages of $1,532.10.